PER CURIAM.
Missouri inmate John Buff appeals the district court’s[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 suit. For the following reasons, we affirm.
Mr. Buff was attacked by fellow inmates shortly after his transfer to Southeast Correctional Center. Following the attack, he was immediately placed in administrative segregation. Mr. Buff was unable to identify his assailants, and prison officials investigated but were unable to determine which inmates perpetrated the attack. After spending approximately thirty days in administrative segregation, Mr. Buff was returned to general population where he was attacked by fellow inmates within a couple of days of his return. Mr. Buff alleged that Eric Harper, Alex Clinton, *665 Lance Gordon, Jackie Cooper, Yvonne Moore, Dawn Horn, Dan Martinez, Laura Vance, and Christy Clinton were deliberately indifferent to the risk that he would be assaulted once he was returned to general population, in violation of his Eighth Amendment rights.[2] To demonstrate such a violation, Mr. Buff had to show that (1) his release into general population posed a substantial risk of serious harm, and (2) each defendant knew of and disregarded that risk. See Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir.2003).
The district court concluded that defendants were entitled to qualified immunity, because they did not violate the Constitution. See Young v. Selk, 508 F.3d 868, 871 (8th Cir.2007) (when deciding whether official is entitled to qualified immunity, court first determines whether official violated federal right at all; if so, court then determines whether that right was clearly established). We agree with the district court that Mr. Harper was entitled to summary judgment, because Mr. Buff failed to present evidence rebutting Mr. Harper’s evidence that he had no responsibility for returning Mr. Buff to general population. See Ripson v. Alles, 21 F.3d 805, 808-09 (8th Cir.1994) (defendant is entitled to summary judgment in § 1983 suit where he was not personally or directly involved in alleged constitutional violation). We also agree with the district court that the remaining defendants were entitled to summary judgment, because Mr. Buff failed to rebut the evidence showing either that (1) the defendant did not actually infer that Mr. Buff faced a substantial risk of assault if returned to general population, see Norman v. Schuetzle, 585 F.3d 1097, 1104 (8th Cir.2009) (each prison official’s subjective knowledge of risk that prisoner faces must be assessed individually; official must be aware of facts from which inference could be drawn that substantial risk of serious harm exists and must actually draw inference); or (2) the defendant responded reasonably to the risk by conducting an investigation into the assault and placing Buff in administrative segregation following the assault, see Nelson v. Shuffman, 603 F.3d 439, 446 (8th Cir.2010) (prison official is deliberately indifferent if he or she actually knows of substantial risk and fails to respond reasonably).
Accordingly, we affirm the district court’s judgment.

. The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

. We do not address the claims that Mr. Buff raised against the other defendants, because he did not meaningfully raise those claims in his opening brief on appeal. See Chay-Velas-quez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).